NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUZ AL-RIFAI; et al., | No. 11-15361 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-02526-MCE-CMK |
| v. | |
| WILLOWS UNIFIED SCHOOL DISTRICT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Submitted February 13, 2012[**]
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Plaintiffs appeal the district court's dismissal with prejudice of their complaint against Willows Unified School District and three district employees. Plaintiffs allege violations of the First and Fourteenth Amendments, with the remedies provided by 42 U.S.C. § 1983, including: (1) equal protection on the basis of race, religion, and national origin; (2) equal protection on the basis of sex; (3) freedom of speech and religion; and (4) retaliatory treatment based on the exercise of speech. Plaintiffs also allege impermissible sexual harassment in violation of Title IX and four California state law violations: negligence, negligent training and supervision, and intentional and negligent infliction of emotional distress.

Willows Unified School District, a California school district, is a state agency for purposes of Eleventh Amendment immunity. *Belanger v. Madera*, 963 F.2d 248, 251-53 (9th Cir. 1992). Furthermore, the three school administrators sued in their "official capacities" are immune from suit for both federal and state law claims. *Id.* at 254; *see also Gilbreath v. Cutter Biological, Inc.,* 931 F.2d 1320, 1327 (9th Cir. 1991). Therefore, we AFFIRM the district court's order insofar as it dismissed all claims against the school district (except the Title IX claim) and Plaintiffs' "official capacity" claims with prejudice.

As Plaintiffs concede, Title IX does not create a private right of action against school officials, teachers, and other individuals who are not direct recipients of federal funding. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009). Accordingly, we AFFIRM the district court's order dismissing the Title IX claim against the individual Defendants with prejudice.

As against Willows Unified School District, Plaintiffs have not properly pled a claim under Title IX because Plaintiffs fail to allege sexual harassment that is "so severe, pervasive, and objectively offensive" that it deprived Luz and Salam of "access to the educational opportunities or benefits provided by [Willows School District]." *See Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 650-52 (1999). The specific allegations amount to simple teasing and name-calling–for which Title IX damages are not available. *See id*. at 652. We therefore AFFIRM the district court's order dismissing Plaintiffs' Title IX claim against Willows School District.

The district court erred in holding that the individual defendants were only sued in their "official capacities." Plaintiffs, in the § 1983 and state law portions of the Second Amended Complaint, request damages "against all Defendants in their individual capacities." Moreover, Plaintiffs allege that Defendants were "acting under color of State and Local Law" and discriminated against Plaintiffs "because

-3-

of Plaintiffs' ethnic origins, race and religious beliefs." Therefore, Plaintiffs' claims against the individual Defendants were "personal capacity" claims and should have been analyzed as such by the district court. *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 395 (9th Cir. 1997); *see also Romano v. Bible*, 169 F.3d 1182, 1185-86 (9th Cir. 1999).

Even though the district court should have analyzed the remaining federal claims as "personal capacity" claims, Plaintiffs still fail to state a claim.

Plaintiffs are correct that a student can bring a § 1983 sex discrimination claim based on a school administrator's failure to investigate peer-to-peer harassment. *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1134 (9th Cir. 2003). Plaintiffs have not, however, pled any facts that suggest that the individual Defendants discriminated against Plaintiffs Luz and Salam with an impermissible motive or acted with gender animus in failing to respond to the gender oriented name calling and teasing that allegedly occurred. *See id* at 1135. Plaintiffs' general allegation that Luz and Salam were subjected to unspecified unwanted sexual touching is impermissibly vague. Similarly, Plaintiffs fail to allege facts showing that the individual Defendants intentionally discriminated against Plaintiffs on the basis of their race, religion, or national origin. *See Monteiro v. Tempe Union High Schl. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

Therefore, we AFFIRM the district court's order dismissing Plaintiffs' discrimination claims against the individual Defendants.

Our cases require that Plaintiffs be given an opportunity to amend because: (1) there is no evidence of any undue delay, bad faith, dilatory motive, or prejudice to the opposing party; (2) Plaintiffs have not had an opportunity to cure previously identified deficiencies in their complaint; and (3) it is not clear that the Title IX and § 1983 discrimination claims could not be saved by amendment. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1038 (9th Cir. 2002); *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989). Accordingly, we REVERSE the district court order insofar as it denies Plaintiffs leave to amend the Title IX claim and the § 1983 sex and race, religion, national origin discrimination claims.

Lastly, the district court erred in dismissing Plaintiffs' state law claims against the individual Defendants with prejudice because the Eleventh Amendment does not bar pendent state claims by Plaintiffs against state officials acting in their individual capacities. *See Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). Accordingly, we REVERSE the district court's order dismissing the state law claims with prejudice and REMAND those claims to be considered as if the individual Defendants were sued in their personal capacities.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**.

-5-